**Office of Disciplinary Counsel v. Hickey**

Disciplinary Board Docket no. 31 D.B. 2003.

GENTILE, *Member,* August 25, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 22, 2003, Office of Disciplinary Counsel filed a petition for discipline against respondent, James A. Hickey, charging him with violations of the Pennsylvania Rules of Disciplinary Enforcement arising out of his conviction for resisting arrest or other law enforcement, and disorderly conduct.

A disciplinary hearing was held on August 29, 2003, before Hearing Committee 4.12 comprised of Chair Nancy Jean Lamont, Esquire, and members Michael J. Pawk, Esquire, and James Gerard Gordon, Esquire. Respondent represented himself at the hearing.

The Hearing Committee filed a report on May 20, 2004, recommending that respondent be suspended for a period of one year and one day.

No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of July 17, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, James A. Hickey, was born in 1942 and was admitted to practice law in the Commonwealth in 1972. His attorney registration address is Suite 1, 1149 Liberty Street, Franklin, PA 16323. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) Respondent received an informal admonition in July 2003 for failure to provide a written fee agreement to his client, neglect of the client's matter, and failure to communicate with the client.

(4) In the Court of Common Pleas of Washington County, Pennsylvania, at criminal case no. 2069 of 2001, respondent was charged with, inter alia, one count of re-

sisting arrest or other law enforcement in violation of 18 Pa.C.S. §5104, one count of disorderly conduct in violation of 18 Pa.C.S. §5503, and summary traffic violations.

(5) The incident involved a traffic stop for a broken headlight. Respondent was driving another person's vehicle with a broken light at night, was unaware of the deficient condition of the vehicle, and was followed by the police officer to his residence.

(6) Despite the fact that the police officer told respondent not to reach into the vehicle to get documents from the glove compartment and after the police officer had drawn his gun, respondent reached into the vehicle to get a cell phone. In resisting arrest, respondent's glasses were broken.

(7) Respondent had previously sued the police officer involved in the incident and a professional animus existed between respondent and the officer.

(8) A the time of the incident respondent was under stress due to a move, was taking medication for back pain and depression, and was on inactive status due to a spinal injury.[1]

(9) On September 10, 2002, following a jury trial, a verdict was entered finding respondent guilty of the above counts.

(10) On November 1, 2002, President Judge Thomas D. Gladden sentenced respondent to serve a concurrent term of probation of 18 months on the charges and attend and participate in an anger management program. He was further sentenced to costs of prosecution and fines.

---

1. Respondent is currently on active status since January 28, 2003.

(11) Respondent did not notify the Office of Executive Director and Secretary of the Disciplinary Board of his conviction.

(12) On August 5, 2003, respondent was found guilty of disorderly conduct in connection with an incident occurring at a Wal-Mart in Venango County, Pennsylvania.

(13) Respondent's subsequent summary conviction of disorderly conduct involved his representation of a client.

(14) At the time of the disciplinary hearing, respondent had not completed his sentence, but was still making monthly payment on the costs and, despite the passage of 10 months since his sentencing, had not begun anger management classes.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Respondent's conviction of resisting arrest and disorderly conduct constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1).

(2) Respondent failed to notify the Executive Director and Secretary of the Disciplinary Board of his conviction of a serious crime pursuant to Pa.R.D.E. 214(a).

## IV. DISCUSSION

This matter is before the board on a petition for discipline charging respondent with violation of the Rules of Disciplinary Enforcement arising out of his conviction

for the serious crimes of resisting arrest and disorderly conduct. Respondent was involved in an incident with a police officer, wherein the officer stopped him for driving with a broken headlight. Respondent was told by the officer not to reach into his glove compartment but did so anyway to get his cell phone. An altercation ensued and respondent's glasses were broken.

As with all disciplinary matters predicated on a criminal conviction, the sole issue to be resolved is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). Consideration is to be given to any aggravating and mitigating factors. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

The Hearing Committee recommended a suspension of one year and one day based on the nature of the criminal conviction, respondent's failure to report his conviction, respondent's prior discipline of an informal admonition, and an aggravating circumstance whereby respondent was found guilty of disorderly conduct in connection with an incident at a Wal-Mart in Venango County. The committee further found that respondent had not completed his criminal sentence at the time of the disciplinary hearing, but was still making monthly payments on his costs and, more seriously, had not begun anger management classes despite the passage of 10 months since his sentencing.

The committee considered mitigating circumstances, among other things, that respondent and the police officer involved in the incident had a personal animus due to the fact that respondent had sued the officer for

violation of the civil rights of a client, and respondent was recovering from spinal surgery and was on medication for back pain and depression at the time of the incident.

The board is not persuaded by the facts of record that a suspension of one year and one day is appropriate. Respondent's crime, while serious, did not involve clients or the legal profession. No harm to another citizen occurred. However, this is not a case for private discipline. The record shows that respondent was involved in another incident of disorderly conduct shortly before the disciplinary hearing on the instant matter. While respondent insisted to the Hearing Committee that his actions with the police officer were a very rare event, his subsequent behavior suggests a contrary conclusion. Equally disturbing is respondent's failure to begin his anger management training, even though many months have passed since his sentence was handed down. Respondent has a prior record of discipline as well.

Balancing the totality of the facts, the board believes that a suspension of six months is appropriate to address the seriousness of respondent's misconduct. This recommendation is made with due consideration given to the sanctions imposed in prior cases on attorneys who were involved in similar criminal circumstances. In the matter of *In re Anonymous No. 155 D.B. 1997,* no. 521 disciplinary docket no. 3 (Pa. July 15, 1999), an attorney who assaulted another attorney during a trial and threatened the judge received a six-month suspension. In the matter of *In re Anonymous No. 46 D.B. 84,* 39 D.&C.3d 234 (1986), an attorney was suspended for three months and one day as a result of a conviction of resisting arrest.

In the matter of *In re Anonymous 17 D.B. 1996,* 182 disciplinary docket no. 3 (Pa. April 29, 2002), an attorney was suspended for three months as a result of his conviction for criminal trespass, indirect criminal contempt and simple assault on a former girlfriend.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, James A. Hickey, be suspended from the practice of law for a period of six months subject to the following condition:

Provide proof that he has attended and participated in an anger management program as directed by the Washington County Court of Common Pleas on November 1, 2002.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Suh dissents and would recommend public censure with conditions.

## ORDER

And now, December 13, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated August 25, 2004, it is hereby ordered that James A. Hickey be and he is suspended from the bar of this Commonwealth for a period of six months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.